Sebastian **KUNTZ** et al., Plaintiffs and
Respondents,

v.

Maurice **BENZ** et al., Defendants and
Appellants.

Civ. No. 8650.

Supreme Court of North Dakota.

May 14, 1971.

Vogel, Bair, Graff & Brown, Mandan, and Robert Chesrown, Linton, for defendants and appellants.

Rausch & Chapman, Bismarck, for plaintiffs and respondents.

TEIGEN, Judge.

There is only one question involved in this appeal. May the school board of a reorganized school district, which has two schools within it, direct the discontinuance of certain grades taught in one school and

transfer the students of those grades to the other school?

Our answer is yes. Section 15–29–08(1), N.D.C.C., provides, in part:

"The powers and duties of the school board of a public school district shall be as follows:

"1. To establish a system of public schools which shall be free to all children of legal school age residing within such district and which shall furnish school privileges equally and equitably to all pupils in the district. *The board may make proper and necessary rules for the assignment and distribution of pupils to and among the schools in the district and for their transfer from one school to another.* * * *" [Emphasis added.]

The emphasized portion was adopted in 1961 (S.L.1961, Ch. 158), and readopted in 1963 (S.L.1963, Ch. 149).

The respondents, who are patrons, contend that to permit the school board of a reorganized district to transfer the students of certain grades to another school of the district is a discontinuance, or closing, of a portion of the school, which is prohibited by Section 15–53–19, N.D.C.C., unless done by election or on petition. This section was enacted in 1953 (S.L.1953, Ch. 142, Sec. 19), and amended, without change material here, in 1961 (S.L.1961, Ch. 158). The salient portion provides:

"Each common school in the local districts included in reorganized school districts shall be kept in session as provided by law, except that any school may be discontinued when the people in the old district where the school is located, by a majority vote, approve its closing or when a petition requesting that the school be discontinued is signed by two-thirds of the electors in the old district where the school is located and is presented to the school board in the reorganized district." Section 15–53–19, N.D.C.C.

They point out that although a statute was adopted in 1963 which provides that after five years from reorganization the school board of a reorganized district is granted most of the powers enjoyed by other school boards, including the powers granted by Section 15–29–08, N.D.C.C., that, nevertheless, the Legislature has continued in effect the limitation of power contained in Section 15–53–19, N.D.C.C., by enacting Chapter 175, Section 2, Session Laws of 1963, codified as Section 15–53–33, N.D.C.C. It provides:

"After five years from the effective date of the reorganization plan, the school board of a reorganized district shall exercise the powers granted to a school board by section 15–29–08 or any other provision of law regardless of limitations contained in the reorganization plan. The provisions of this section shall not be construed as authorizing the school board of a reorganized district to exercise any powers prohibited or limited by sections 15–53–15, *15–53–19,* 15–53–27, 15–53–30, 15–53–32." [Emphasis added.]

The Hazelton-Moffit school district was created as a reorganized district in 1959. More than five years have passed since the effective date of reorganization.

The specific question is whether a transfer of two grades (seventh and eighth) from the Moffit school to the Hazelton school is a discontinuance, or closing, of the Moffit school within the meaning of Section 15–53–19, N.D.C.C. We think that Section 15–53–19, N.D.C.C., which requires that each school in the local districts included in reorganized school districts shall be kept in session as provided by law, and discontinued only by election or on a petition, imposes a limitation of the power of school boards of reorganized districts to discontinue a school, as provided in subsection 2, Section 15–29–08, N.D.C.C., which states that the powers and duties of the school board of a public school district shall be:

"2. To organize, establish and maintain such schools in said district as it

may deem requisite and expedient, including high schools, and to change and *discontinue* the same; * * *" [Emphasis added.]

and that portion of subsection 1, Section 15–29–08, N.D.C.C., which provides:

"Any school may be *discontinued* when the average attendance of pupils therein shall be less than six for ten consecutive days, if proper and convenient school facilities for the pupils can be provided in some other school in the territory of the closed school until such time as the school may be reopened by the board." [Emphasis added.]

The purpose of the reorganization of school districts is set forth in Section 15–53–01, N.D.C.C., as follows:

"This chapter shall be known and may be cited as an 'Act to provide for the reorganization of school districts.' It shall have for its purpose the formation of new school districts and the alteration of the boundaries of established school districts in order to provide a more nearly equalized educational opportunity for pupils of the common schools, a higher degree of uniformity of school tax rate among districts, and a wiser use of public funds expended for the support of common school system."

In order to enjoy the benefits of the purposes of the Act, the reorganized Hazelton-Moffit Public School District No. 6 has established what it calls a "6–6" plan, with the first six grades in one category and the seventh grade through high school in the other. Both categories are taught in the larger, better-equipped Hazelton school, and the first six grades are taught in the Moffit school. Thus the Board contends that the expense of one teacher is saved. Educational advantages and a wiser use of public funds are also asserted as additional reasons for the decision. The Moffit school has no laboratory facilities for science classes, which are required for the seventh and eighth grades. The Hazelton school has such facilities. Music is available daily on an elective basis at Hazelton but not at Moffit. There is no added expense to the district because bus transportation is furnished to the high school students of the Moffit school area who attend the Hazelton high school and the seventh and eighth grade students ride the same bus. The transfer does not overcrowd the Hazelton school. No claim is made that if the Board is empowered to transfer the students it has abused its discretion.

■■ The attorney general, in 1962 and again in 1966, ruled, in opinions to other districts, that such a transfer was not allowable, reasoning that to permit a redistribution of pupils as authorized by Section 15–29–08(1), N.D.C.C., has the effect of closing the school to the extent of the grades no longer being offered and will offend Section 15–53–19, N.D.C.C. In the second opinion he said that it would permit the school board to accomplish indirectly what it could not accomplish directly. However, we do not agree. Section 15–53–19, N.D.C.C., prohibits discontinuance of the school by action of the school board, except through the election or petition process. This limitation of power must be taken into account by the school board in making the rules for the assignment and distribution of pupils to and among the schools, and for their transfer from one school to another, to the extent that each school included in a reorganized school district will be kept in session as provided by law. This does not mean, however, that all eight grades must be taught in each school.

The judgment is reversed.

STRUTZ, C. J., and KNUDSON, PAULSON, and ERICKSTAD, JJ., concur.